### PRICE et al. v. ROLLOW et al.

No. 8373—Opinion Filed Jan 8, 1918.

(169 Pac. 1073.)

### Mortgages—Release by Quit-Claim Deed — Sufficiency of Evidence.

The evidence in this case examined, and held sufficient to support the judgment of the trial court, and, as there are no other errors assigned and urged, cause is affirmed.

(Syllabus by Pryor, C.)

Error from District Court, Pontotoc County; Charles T. Barney, Special Judge.

Action by W. C. Rollow against J. F. Price, Curtis Grayson and wife, and others. Judgment for plaintiff, and certain defendants bring error. Affirmed.

F. P. Lieuallen and W. F. Schulte, for plaintiffs in error.

C. F. Green, for defendant in error Rollow.

Opinion by PRYOR, C. This action was commenced in the district court of Pontotoc county by W. C. Rollow against J. F. Price and others to recover the balance due on a certain promissory note given to the said W. C. Rollow by Curtis Grayson and wife, Julia Grayson, and to foreclose a mortgage on a certain 20-acre tract of land lying in Pontotoc county given by Curtis Grayson and Julia Grayson to secure payment of said note. There were several parties defendants in the trial court, but the judgment of the trial court is accepted as a final adjustment of all the rights of the parties except as to the controversy between W. C. Rollow, one of the defendants in error, and J. F. Price, one of the plaintiffs in error. W. C. Rollow will be referred to as plaintiff, and J. F. Price as defendant, as they appeared in the trial court.

The plaintiff states in his petition that on the 16th day of November, 1909, Curtis Grayson and Julia Grayson executed and delivered to him their promissory note in the sum of $100, bearing interest at 10 per cent.

per annum, due January 1, 1910; that said note was given for the balance of the purchase price of a certain tract of land, which is described in the petition, at the same time the defendants Curtis Grayson and wife gave plaintiff a mortgage on said lands to secure payment of said note; that at the commencement of the suit there was due on said note $83.80, with interest. He asked that he have judgment for said amount and a reasonable attorney fee against Grayson and wife. A foreclosure of said mortgage, and also that the defendant Price be summoned into court and required to set up whatever claim of right, title and interest he may have in said land. The answer of the defendant Price is in effect a general denial, and a denial that the plaintiff has any right, title, or interest in the premises in controversy, and it further alleges that he is the owner of said premises by virtue of two deeds, one a quitclaim deed executed and delivered to him by the plaintiff, Rollow, and his wife, on or about the 22d day of December, 1909, and another executed by Curtis Grayson and wife to the defendant, Price, on or about the 26th day of February, 1910. The plaintiff, for reply to the defendant's answer, alleges that the quitclaim deed set out in the answer of the defendant was obtained from the plaintiff and his wife by fraud; that the defendant represented to the plaintiff that he desired the quitclaim deed for the purpose of straightening up his title to the said premises, in order that the defendant might procure a loan on said premises, and that the quitclaim deed was not to be understood to release the mortgage to plaintiff on said premises; that said quitclaim deed was given without any consideration whatever; that the said Price promised to pay off said note and mortgage when he secured said loan. On these issues there was judgment in favor of the plaintiff against Curtis Grayson and wife for the amount sued for, and for foreclosure of the mortgage on said premises. From this judgment the defendant Price appeals.

The only question involved on appeal is a question of fact, and the question for determination here is whether or not the judgment of the trial court is contrary to the weight of the evidence. The question of fact between the plaintiff and the defendant in the trial court was whether or not the quitclaim deed given on the 22d day of December, 1909, by the plaintiff to the defendant, released and relinquished the mortgage of the plaintiff. The evidence of both the plaintiff and the defendant establishes without contradiction that said quitclaim deed was executed and delivered by the plaintiff to the defendant without any consideration whatever; that it was given by the plaintiff to the defendant to clear up the title of the defendant to said premises, for the purpose of enabling the defendant to procure a loan on said premises; that it was agreed between the parties at the time of the delivery of said quitclaim deed that it should not affect the plaintiff's mortgage or operate to release the same. A thorough and careful examination of the evidence discloses the fact that the judgment of the trial court is not contrary to the weight thereof, and as there are no other assignments of error presented for consideration, it must be held that the judgment of the trial court is correct.

Therefore the judgment of the trial court should be affirmed.

By the Court: It is so ordered.